UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LORRAINE CAPPELLO and JEFFREY O'BARSKI, on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) CAUSE NO. 3:16-cv-290-TLS-MGG |
| v. | )<br>) |
| FRANCISCAN ALLIANCE, INC., *et al.*, | )<br>) |
| Defendants. | ) |

**ORDER**

Pending and ripe before the Court are the following two motions filed by Plaintiffs on August 9, 2016: (1) Motion for Entry of [Proposed] Pretrial Order No. 1 Appointing Interim Class Counsel [Doc. No. 26], and (2) Motion for Entry of [Proposed] Pretrial Order No. 2 Establishing Procedures for the Consolidation of Future-Filed Cases. For the reasons discussed below, the Court grants in part and denies in part both motions.

**I.  RELEVANT BACKGROUND**

Plaintiffs filed this proposed ERISA class action ("*Capello*") on May 12, 2016, alleging that Defendants wrongfully claimed that the Franciscan Alliance Pension Security Plan ("the Plan") is a "church plan" and, therefore, exempt from ERISA's funding requirements. Jean L. Jewett filed a similar class action complaint against Defendants in the United States District Court for the Northern District of Illinois on April 22, 2016. On August 31, 2016, the Northern District of Illinois transferred the Jewett class action ("*Jewett*") to this Court. N.D. Ind. Cause No. 3:16-cv-591-JD-JEM, Doc. No. 44. To date, answers or otherwise responsive pleadings have not been filed in *Cappello* or *Jewett*. However, Plaintiffs note that fifteen other "church

plan" lawsuits have been filed across the country in the last few months. Doc. No. 28 at 13 n.3.

## II. MOTION TO APPOINT INTERIM CLASS COUNSEL

Plaintiffs filed the instant motion to appoint interim class counsel on August 9, 2016. On August 26, 2016, Defendants filed their response brief. The motion to appoint interim class counsel became ripe on September 2, 2016, when Plaintiffs filed their reply brief.

Through their motion, Plaintiffs seek appointment of interim class counsel as allowed under Fed. R. Civ. P. 23(g)(3). Plaintiffs ask the Court to appoint the firms of Kessler Topaz Meltzer & Check, LLP ("KTMC") and Izard, Kindall & Raabe, LLP ("IKR") as interim co-lead class counsel and to appoint the firm of Sopko, Nusbaum, Inabnit & Kaczmarek ("SNIK") as interim liaison class counsel.

Through their briefing, Plaintiffs articulate thoroughly the qualifications of all three firms under the standards for class counsel set forth in Rule 23(g)(1), (2), and (4). Plaintiffs also cite to numerous cases where courts have appointed two or more firms as interim co-lead counsel in complex ERISA class actions. *See* Doc. No. 39 at 2–3. In particular, Plaintiffs cite and attach a very recent order from the United States District Court for the Western District of Tennessee ordering both the consolidation of subsequent or transferred actions and the appointment of KTMC and IKR as interim co-lead class counsel and another firm as interim liaison class counsel. Doc. No. 39 (citing *Brace v. Methodist Bonheur Healthcare, et al.*, 16-cv-2412-SHL (W.D. Tenn. Aug. 25, 2016)); Doc. No. 39-1. As for interim liaison class counsel, Plaintiffs note that SNIK is a local South Bend firm and that Defendants have retained a local Northern Indiana firm to represent them in addition to their Washington, D.C.-based counsel.

2

Defendants explicitly state that they "do not object to the appointment of Interim Lead Class Counsel, nor do they take any position with respect to which firm the Court should appoint." Doc. No. 34 at 1. However, Defendants object to the appointment of more than one law firm to serve as Interim Co-Lead Counsel and to the appointment of Interim Liaison Class Counsel. *Id.*

In support, Defendants do not challenge the qualifications of any of the three proposed firms. Instead, Defendants argue that appointment of co-lead and liaison class counsel would result in duplication of efforts, inefficiency, and a waste of resources. Defendants cite to a very recent order from the United States District Court for the District of Maryland appointing only one firm as interim lead class counsel in a consolidated class action involving two "church plan" cases. Doc. No. 34 at 3–4 (citing *Hodges v. Bon Secours Health Sys., Inc.*, No. CV RDB-16-1079, 2016 WL 4447047, at *2 (D. Md. Aug. 24, 2016)). The court reasoned the plaintiff had "not demonstrated that one law firm would be incapable of serving the members of this putative class alone." *Id.* Similarly, the court rejected the plaintiff's requested for interim co-lead class counsel because it was "not a situation in which each law firm brings a complementary skill set to the litigation" or where many consolidated actions and an excessive number of parties are involved. *Id.* (citations omitted).

Despite the Western District of Tennessee's decision in *Brace*, the Court finds *Bon Secours* more applicable to this class action for the following reasons. This case remains in the early stages. No answer or responsive pleading has been filed. No motion for class certification has even been filed. In addition, Plaintiffs have not provided any reason why one firm could not serve the members of the putative *Capello* class or what complementary skills each firm brings

3

that are necessary to the prosecution of this class action at this time.  Moreover, this Court will not be issuing an order to consolidate all subsequent or future-filed cases as requested by Plaintiffs and discussed below.  Therefore, this class action has not yet developed into a large and unwieldy class action requiring both KTMC and IKR to both be appointed interim class counsel.

As for Plaintiffs' request for appointment of liaison class counsel, the Court is similarly unconvinced.  First, the Court need not address Defendants' decision to hire local counsel because Fed. R. Civ. P. 23(g) does not apply to Defendants' counsel as it does to Plaintiffs' counsel in this class action.  This Court is only involved in the appointment of Plaintiffs' counsel to protect the interest of the putative class.  Second, interim liaison class counsel would only duplicate and complicate counsel's efforts on behalf of the putative class by multiplying the players to be coordinated.  The more attorneys involved, the greater the legal costs incurred before the parameters of this putative class action are defined.  Third, Plaintiffs have not identified any particularized need for liaison class counsel.  And even if there was a need for local assistance, Plaintiffs have not explained why an entire law firm, rather than a single lawyer, would be required to serve that function.

Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for appointment of interim class counsel. [Doc. No. 26].  The Court **APPOINTS** one law firm as Plaintiffs' interim class counsel.  The Court **ORDERS** Plaintiffs to identify the single law firm that will represent them as Interim Lead Class Counsel by filing a motion to withdraw the appearances of all of their other attorneys and firms currently on the docket by **September 22, 2016**.  The Court **NOTES** that Plaintiffs' legal needs in this putative class action could change as

the case progresses.  Therefore, Plaintiffs may file a renewed motion for appointment of interim class counsel should circumstances arise that demand additional representation.  However, the Court **CAUTIONS** Plaintiffs that it will not appoint additional interim lead or liaison class counsel without particularly compelling evidence that such representation is needed.

### III.     MOTION FOR CONSOLIDATION OF FUTURE-FILED CASES

Plaintiffs filed the instant motion for consolidation of future-filed cases on August 9, 2016.  Defendants filed their response in partial support of Plaintiffs' motion on August 26, 2016.  The consolidation motion became ripe on September 2, 2016, when Plaintiffs filed their reply brief.

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The primary purpose of consolidation is to promote convenience and judicial economy. *Miller v. Wolpoff & Abramson, LLP*, No. 1:06-cv-207-TS, 2007 WL 2473431, at *2 (N.D. Ind. Aug. 28, 2007). The decision to consolidate under Rule 42 is within the discretion of the trial court. *Id.*

Through their motion, Plaintiffs note a "recent spate of 'church plan' litigation" that has led them to conclude, in light of their counsel's experience, that "similar or tag-a-long cases will be filed or may be transferred to this District."  Doc. No. 28 at 12.  Plaintiffs specifically cited *Jewett*, then pending before the Northern District of Illinois, and generally referenced fifteen new "church plan" lawsuits across the country in 2016.  Plaintiffs argue that a consolidation order even before additional cases come before this Court would promote efficiency by eliminating the risk of multiple consolidation motions as cases arrive in this District and by establishing orderly procedures adopted by other courts in similar ERISA litigation.

5

In their response brief, Defendants report that the Northern District of Illinois issued its order transferring *Jewett* to this Court upon the agreement of the parties after Plaintiffs filed the instant motion. Defendants acknowledge that *Jewett* raises factual and legal claims substantially identical to those raised in *Capello*. As such, Defendants contend that consolidation of *Jewett* and *Capello* is proper. However, Defendants object to Plaintiffs' motion to consolidate future-filed cases contending that such an order is premature citing *Baker v. Amsted Rail Co., Inc.*, No. 3:12-cv-01245-MJR-SCW, 2013 WL 361812, at *2 (S.D. Ill. Jan. 30, 2013).

Defendants' argument is persuasive. Despite the contrary decisions noted by Plaintiff of other, non-binding courts, the issue of consolidation of any case besides *Jewett* is not ripe before this Court. Moreover, Plaintiffs have not established that any cases beyond *Jewett* will be filed in this District. The Court will consider the consolidation upon motion by any party once any such case arrives.

Nevertheless, the Court agrees that the question of consolidating *Jewett* and *Capello* is ripe. Both Plaintiffs and Defendants have demonstrated that *Jewett* and *Capello* share common questions of law and fact that justify consolidation of those cases. Therefore, the Court **GRANTS** Plaintiffs' motion to consolidate as to *Jewett* only. [Doc. No. 27]. *Jewett*, 3:16-cv-591-JD-JEM is **CONSOLIDATED** into the older case, *Capello*, 3:16-cv-290-TLS-MGG. The Court **ORDERS** Plaintiffs to file a consolidated amended complaint by **September 22, 2016**. The Court **RESETS** the deadline for Defendants to answer or otherwise plead until **21 days** after Plaintiffs file their consolidated amended complaint or **October 13, 2016**, whichever is earlier.

Plaintiffs' motion to consolidate is **DENIED WITHOUT PREJUDICE** as to any future cases. [Doc. No. 27]. Any party may file a motion for consolidation once any applicable case is filed in this District.

**IV.   CONCLUSION**

As discussed in detail above, the Court

(1)   **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for appointment of interim class counsel [Doc. No. 26] and **ORDERS** Plaintiffs to identify the single law firm that will represent them as Interim Lead Class Counsel by filing a motion to withdraw the appearances of all of their other attorneys and firms currently on the docket by **September 22, 2016**; and

(2)   **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** Plaintiffs' motion to consolidate future-filed cases [Doc. No. 27].

   (A)   *Jewett v. Franciscan Alliance, Inc.*, Cause No. 3:16-cv-591-JD-JEM is **CONSOLIDATED** into *Capello v. Franciscan Alliance, Inc.*, Cause No. 3:16-cv-290-TLS-MGG.

   (B)   The parties are **ORDERED** to make all future filings in *Capello* only.

   (C)   The Clerk is **INSTRUCTED** to file this order in both *Jewett* and *Capello*.

   (D)   The Court **ORDERS** Plaintiffs to file a consolidated amended complaint by **September 22, 2016**, and **RESETS** the deadline for Defendants to answer or otherwise plead until **21 days** after Plaintiffs file their consolidated amended complaint or **October 13, 2016**, whichever is earlier.

**SO ORDERED.**

Dated this 8th of September, 2016.

> s/Michael G. Gotsch, Sr.
> Michael G. Gotsch, Sr.
> United States Magistrate Judge